————o————

SAMUEL SURFACE, Appellant, *vs.* HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Respondent.

1. *Texas cattle, transportation of from one county to another—Statute governing same—Construction of.*—Where Texas cattle are, during the prohibited season, brought by a railway company into one county in this State, and afterwards transported by an owner, having no connection with the road, into another county, such transportation would, under the statute, be a new and independent offense; and for disease communicated by the cattle while in the latter county, the company would not be liable.

The statute in such cases ignores all questions as to the caution or negligence of one who has violated it. Nor is it material whether the damages were the direct or remote consequences of the illegal act, provided the facts bring the case within the provisions of the statute. (Surface vs. Hann. & St. Jo. R. R. Co., 60 Mo. 216, and Wilson vs. Kan. City, St. Jo. & Council Bluffs R. R. 60 Mo. 195, affirmed.)

*Appeal from Grundy Circuit Court.*

*Shanklin, Low & McDougal*, for Appellant.

*James Carr*, for Respondent.

NAPTON, Judge delivered the opinion of the court.

This case was before this court in vol. 60, p. 216. The evidence is substantially as it was on the former trial, when the judgment against the company was reversed.

The agreed statement of facts is as follows : " It is hereby admitted that the Texas cattle in controversy belonged to Thompson & Taylor, and that said cattle were driven by Thompson & Taylor, or those in their employ, from the depot of defendant in the town of Kidder, to the farm of Frank Taylor, in Daviess county, leaving Kidder the evening of the day on which said cattle were delivered to said Taylor & Thompson, or those in their employ ; and that said cattle afterwards were never under the control or in possession of defendant. It is further admitted that the said cattle were received by defendant from said Thompson & Taylor at the Union stock yards, in the State of Kansas, for shipment to the town of Kidder, Caldwell county, Missouri, and were so shipped to said Kidder, and there delivered by defendant to said Thompson & Taylor on the 19th of April, 1873."

The bill of exceptions states that the plaintiff introduced evidence tending to prove that on the 19th day of April, 1873, defendant received of Thompson & Taylor at the Union stock yards in the State of Kansas, 219 head of Texas cattle, to be by defendant transported in its cars to the town of Kidder, in Caldwell county, Missouri, to be delivered to said Thompson & Taylor with the privilege of re-shipping said cattle from said town of Kidder to the city of Chicago, Illinois, at any time within one year from said 19th of April, 1873, on defendant's railroad as special through freight ; that defendant in pursuance of said contract conveyed said Texas cattle to said town of Kidder, and then on the day and year aforesaid delivered said cattle to said Thompson & Taylor in its stock yards in said town of Kidder ; that said Thompson & Taylor, after the delivery of said cattle

at said Kidder as aforesaid, immediately proceeded to drive the same to the farm of said Taylor in Daviess county, which is situated about 7 miles north of said town of Kidder ; and that while said cattle were being so conveyed to the said farm of said Taylor, as aforesaid, and while being grazed about his said premises between the said 19th of April and 1st day of July, 1873, said Texas cattle communicated the Texas fever to plaintiff's cattle in said Daviess county, as charged in plaintiff's statement ; and that plaintiff's said cattle to which said disease was so communicated, died of said disease, and were a total loss to plaintiffs, and were of the value stated in his petition.

This was all the evidence offered, and thereupon the defendant moved the court to instruct the jury as follows : " Under the law and the evidence the jury must find for defendant," which said instruction the court gave.

Plaintiffs then took a non-suit, and after an insufficient motion to set it aside, bring the case here by appeal.

We have quoted the agreed statement of facts literally from the record, and the evidence preserved in the bill of exceptions, to show that the facts before the court on the last trial were precisely the same as they were on the first. In regard to the first trial, Judge Vories, who delivered the opinion of the court, observed : " This action was brought against the defendant for bringing cattle into Caldwell county in violation of the statute. The evidence tends to show that the cattle were afterwards driven by Thompson & Taylor into Daviess county, which was a new and independent offense under the statute, and they were made liable, under the statute, for all damages growing out of this unlawful act. We do not think that it is a proper construction of the statute to hold the defendant liable for the damages growing out of this new and independent violation of the law." And again in Wilson vs. Kan. City, St. Jo. & C. B. R. R. Co. (60 Mo. 195, 196), the same learned Judge observes : " The statute ignores all questions as to caution or negligence on the part of one who has violated its provisions. 　*　　*　　*　　*　 *　　*　　* 　Nor is it material whether the damages were the direct or remote consequences of the illegal act, provided the

facts bring the case within the provisions of the statute. * * * * * * If the cattle should afterwards be driven, or otherwise conveyed, from the county into which the defendant had conveyed them, by their owners or others, wholly unconnected with defendant, into another and different county in the State, this would be a new and distinct violation of the statute." (Id. 196.)

As there was no dispute about the facts in this case, on either trial, and the law arising on them had been determined by this court on the first appeal, the court properly gave the instruction asked.

Judgment affirmed. The other judges concur, except Judge Wagner, who is absent.